**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

HOPI TRIBE, *et al.,*         )
                                  )
       Plaintiffs,        )
                                  )
v.                                  )      Case No. 1:17-cv-02590 (TSC)
                                  )
DONALD J. TRUMP, in his official      )
capacity as President of the United States,  )
*et al.,*                            )
                                  )
       Defendants.      )
                                  )

**RESPONSE TO MOTION FOR CONSOLIDATION**

      The Defendants have filed a motion to consolidate *Hopi Tribe v. Trump,* Case No. 1:17-cv-02590 ("*Hopi Tribe v. Trump*"), *Utah Diné Bikéyah v. Trump,* Case No. 1:17-cv-02605 ("*Utah Diné Bikéyah v. Trump*"), and *Natural Resources Defense Council v. Trump*, Case No. 1:17-cv-02606 ("*NRDC v. Trump*"). All three cases concern Proclamation 9681, in which President Trump purported to modify the Bears Ears National Monument and replace it with two different monuments. The Hopi Tribe, Navajo Nation, Ute Indian Tribe, Ute Mountain Ute Tribe, and Zuni Tribe ("Tribal Plaintiffs") submit this response to clarify their position on consolidation of the three cases. The Defendants have indicated that this matter may be left to later case management but the Tribal Plaintiffs believe this is an important matter and should be settled at the outset of the case.

1

The Tribal Plaintiffs recognize that this Court has broad discretion under Federal Rule of Civil Procedure 42(a) to consolidate different cases. However, Tribal Plaintiffs also understand that the parties may have differing views of the term "consolidation." Here, Tribal Plaintiffs agree to consolidation as first described by the Supreme Court in *Johnson v. Manhattan Railway Company,* 289 U.S. 479, 496-7 (1933):

> [C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.

As a result of this longstanding view, federal courts have held that actions do not lose their separate identity because of consolidation under Rule 42(a). *See* Wright and Miller, 9A Fed. Prac. & Proc. Civ. § 2382, n. 10 (3d ed.). The Tribal Plaintiffs agree that it would be appropriate and convenient for the cases to be consolidated for administrative purposes, such as being on the same briefing and argument calendars and otherwise being litigated simultaneously and not duplicating efforts where possible. However, the Tribal Plaintiffs should be able to submit their own briefs, deliver their own arguments, receive their own judgment, retain their own separate rights of appeal, and generally receive the same rights as plaintiffs in any case.

In exercising its discretion, "courts weigh considerations of convenience and economy against considerations of confusion and prejudice." *Chang v. United States,* 217 F.R.D. 262, 265 (D.D.C.2003). The Tribal Plaintiffs do not agree with consolidation of these three cases in such as manner as would require them to submit joint briefs with other parties, have their case argued by attorneys other than their own, or lose their independent rights to judgment and appeal. In addition to having at least one different claim and different arguments even under shared claims, the Tribal Plaintiffs are uniquely situated in that they are sovereign nations that maintain a government-to-government relationship with the United States. All five are on the list of federally recognized

Tribes. 81 Fed. Reg. 2019-2025 (Jan. 29, 2016). To require them to share a brief with a nonprofit entity or non-governmental organization would be inappropriate to their legal status and prejudicial to their ability to argue their case as they see fit, and as required by their unique position. Moreover, given the number of parties and attorneys in the three cases combined, it would not be practical or possible for all to submit a single brief on an issue.

For the foregoing reasons, the Tribal Plaintiffs respectfully request that the three cases be consolidated for administrative purposes but that they otherwise retain their independent status. The Tribal Plaintiffs are lodging an alternative proposed order that is responsive to their unique concerns.

Respectfully submitted, this 27th day of December 2017.

/s/ Natalie A. Landreth

Natalie A. Landreth
NATIVE AMERICAN RIGHTS FUND
745 W. 4th Avenue, Suite 502
Anchorage, AK 99501
Phone: (907) 257-0501
Fax: (907) 276-2466
Email: landreth@narf.org

Matthew Lee Campbell
NATIVE AMERICAN RIGHTS FUND
1506 Broadway
Boulder, CO 80302
Phone: (303) 447-8760
Fax: (303) 443-7776
Email: mcampbell@narf.org

***Attorneys for the Hopi Tribe, Ute Mountain Ute Tribe and Zuni Tribe***

Ethel B. Branch, Attorney General, *pro hac vice pending*
Office of the Attorney General

THE NAVAJO NATION DEPARTMENT OF
JUSTICE
Post Office Box 2010
Window Rock, Arizona (Navajo Nation) 86515
Phone: (928) 871-6345
Fax: (928) 871-6177
Email: ebranch@nndoj.org

Paul Spruhan, Asst. Attorney General
Katherine Belzowski
Litigation and Employment Unit
NAVAJO NATION DEPARTMENT OF JUSTICE
Post Office Box 2010
Window Rock, Arizona (Navajo Nation) 86515
Phone: (928) 871-6210
Fax: (928) 871-6177
Email: pspruhan@nndoj.org
        kbelzowski@nndoj.org

*Attorneys for the Navajo Nation*

Rollie Wilson
FREDERICKS PEEBLES & MORGAN, LLP
401 9th St., N.W.
Washington, D.C. 20004
Phone: (202) 450-4887
Fax: (202) 450-5106
Email: rwilson@ndnlaw.com

Jeffrey S. Rasmussen, *pro hac vice pending*
FREDERICKS PEEBLES & MORGAN, LLP
1900 Plaza Drive
Louisville, CO 80027
Phone: (303) 673-9600
Fax: (303) 673-9155
Email: jrasmussen@ndnlaw.com

*Attorneys for the Ute Indian Tribe*

Lloyd Miller
SONOSKY, CHAMBERS, SACHSE, MILLER &
MONKMAN LLP
725 East Fireweed Lane
Suite 420
Anchorage, AK 99503
Phone: (907) 258-6377

Fax: (907) 272-8332
Email: lloyd@sonosky.net

Vanessa L. Ray-Hodge, *pro hac vice pending*
SONOSKY, CHAMBERS, SACHSE, MILLER,
MIELKE & BROWNELL LLP
500 Marquette Avenue, NW
Suite 660
Albuquerque, NM 87102
Phone: (505) 247-0147
Fax: (505) 843-6912
Email: vrayhodge@abqsonosky.com
***Attorneys for the Zuni Tribe***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of December 2017, I filed the above pleading with the Court's CM/ECF system, which provided notice of this filing by e-mail to all counsel of record.


*/s/ Natalie A. Landreth*
Natalie A. Landreth