UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HOPI TRIBE, *et al.*, | ) | |
| Plaintiffs, | ) | Case No. 17-cv-2590 (TSC) |
| v. | ) | |
| DONALD J. TRUMP, *et al.*, | ) | |
| Defendants. | ) | |
| UTAH DINE BIKEYAH, *et al.*, | ) | |
| Plaintiffs, | ) | Case No. 17-cv-2605 (TSC) |
| v. | ) | |
| DONALD J. TRUMP, *et al.*, | ) | |
| Defendants. | ) | |
| NATURAL RESOURCES DEFENSE COUNCIL, INC., *et al.*, | ) | |
| Plaintiffs, | ) | Case No. 17-cv-2606 (TSC) |
| v. | ) | |
| DONALD J. TRUMP, *et al.*, | ) | |
| Defendants. | ) | **CONSOLIDATED CASES** |

**ORDER REGARDING DEFENDANTS' NOTICE OBLIGATIONS**

Having considered the parties' jointly proposed order regarding Defendants' notice obligations, ECF No. 60-1, it is hereby ORDERED as follows:

1. The Department of the Interior and its agencies, including the Bureau of Land Management (collectively, "DOI"), and the Department of Agriculture and its agencies, including the U.S. Forest Service (collectively, "USDA," and with DOI, the "Federal Agencies"), will, subject to appropriate exemptions under the Freedom of Information Act ("FOIA") or other applicable law, provide the following information to Plaintiffs with respect to federal lands described as excluded from the Bears Ears National Monument by Presidential Proclamation No. 9681:

    a. Within 5 business days of the BLM or U.S. Forest Service's receipt thereof, a copy of (a) a notice for "notice level operations," as defined under 43 C.F.R. § 3809.21 to conduct exploration for locatable minerals under 43 C.F.R. § 3809 on lands managed by the Bureau of Land Management, and/or (b) a "notice of intent" to conduct locatable mineral operations under 36 C.F.R. 228 Subpart A on National Forest System lands managed by the U.S. Forest Service.

    b. Within 5 business days of it being sent or received by the BLM or the U.S. Forest Service, a copy of any subsequent written communications under 43 C.F.R. § 3809 or 36 C.F.R. 228 Subpart A related to any notices described in paragraph 1.a above (or the proposed exploration addressed in the notice) between the BLM or the U.S. Forest Service and the operator/proponent.

    c. Within 5 business days of it being posted to the BLM's ePlanning website or the U.S. Forest Service's Manti-La Sal National Forest Current and Recent Projects page on the U.S. Forest Service's website, notice that a proposed plan of operations, as described in 43 C.F.R. § 3802.1-4, 43 C.F.R. Subpart 3809, or 36 C.F.R. § 228.5, or any notices or modifications thereto proposed by the BLM, the

U.S. Forest Service, or the operator, as described in 43 C.F.R. § 3802.1-6, 43 C.F.R. Subpart 3809, or 36 C.F.R. § 228.4(e), is undergoing environmental review in accordance with the National Environmental Policy Act ("NEPA").

  d. Within 5 business days of it being received by the BLM or U.S. Forest Service, notice of proposals or applications to engage in road or trail construction or improvement, to authorize a use of a road or trail that was not permitted as of December 4, 2017, or to authorize grazing or vegetation management[1] in an area where it was not permitted as of December 4, 2017, and a copy of such proposals or applications. For purposes of this paragraph, an "improvement" goes beyond preserving the status quo of the road or trail and includes the widening of the road or trail, the horizontal or vertical alignment of the road or trail, the installation of (as distinguished from cleaning, repair, or replacement in kind of already existing) bridges, culverts, and other drainage structures, as well as any significant change in the surface composition of the road or trail.

  e. At least 2 business days prior to the effective date of (i) the BLM or U.S. Forest Service's decision on an application or proposal described in paragraph 1.d above, (ii) its determination to authorize or undertake such activities itself, (iii) its decision to authorize a use of a road or trail by a third party, BLM, or the U.S.

---

[1] For purposes of this Order, the term "vegetation management," when such activity occurs on lands managed by the U.S. Forest Service, includes Vegetative Manipulation, treatment of Activity Fuels or Slash , Chaining or similar treatments (e.g. mastication) , Commercial Thinning, Precommercial Thinning, Clearcutting, Fuel Break, Fuel Loading and Fuel Treatment, Prescribed Fire, Reforestation, (Single) Tree Selection, and Timber Stand Improvement ("TSI"), as these are defined in the Glossary at Appendix E of the 1986 Manti-La Sal Land and Resource Management Plan ("MLS Forest Plan").

Forest Service that was not permitted as of December 4, 2017, or (iv) its decision to authorize grazing or vegetation management in an area where it was not permitted as of December 4, 2017, notice thereof and, within 2 business days after such decision is made, a copy of the decision, if any.

    f.    Within 5 business days of it being posted to the BLM's ePlanning website or the U.S. Forest Service's Manti-La Sal National Forest Current and Recent Projects page on the U.S. Forest Service's website, notice that a proposed mining plan, as described in 43 C.F.R. § 3592.1 or 36 C.F.R. § 228.5, is undergoing environmental review in accordance with NEPA.

    g.    Within 5 business days of the BLM's receipt thereof, a notice of intent as described in 43 C.F.R. § 3151.1 or application for an exploration license, prospecting permit, or permit to drill under the Mineral Leasing Act, unless publicly noticed in the Federal Register, and a copy of such application.

    h.    At least 2 business days prior to the effective date of the BLM's decision on an application for an exploration license, prospecting permit, or permit to drill under the Mineral Leasing Act, notice thereof and, within 2 business days after such decision is made, a copy of the decision, if any.

2.    For purposes of this Order, the date the BLM or U.S. Forest Service receives any of the notices, plans, proposals, applications, or communications mentioned above is defined as:

    a.    if via email, the date the email is received at an email address associated with an employee of the relevant Federal Agency whose responsibilities include (i) receiving and/or routing official correspondence for the relevant Federal

        Agency office for which the applicable notice, plan, proposal, application, or communication is properly directed; or (ii) processing or responding to the applicable notice, plan, proposal, application, or communication for the relevant lands. If emails are received by different employees whose responsibilities include either of the categories described above as (a)(i) and (a)(ii), the date the earliest email was received constitutes the date the Federal Agency received notice.

        b.     if via U.S. Mail, overnight delivery, or hand delivery, on the date that the applicable notice, plan, proposal, application, or communication is date-stamped as being received by the Federal Agency office to which such notice, plan, proposal, application, or communication is appropriately directed.

        3.     If DOI or USDA redacts or withholds a document based on an exemption under FOIA or a provision of other applicable law, DOI or USDA will provide Plaintiffs, within the applicable notice timeline provided above, (a) notice that it is doing so; (b) the legal basis for its redaction or withholding; and (c) a description of the nature of the document or information that, without revealing information itself privileged or protected, will enable other parties to assess the DOI or USDA's basis for the redaction or withholding.

        4.     Nothing in this Order, or the fact that it was jointly proposed by the Parties at the Court's direction, reflects or constitutes an admission by the Federal Agencies that any activities triggering the notification requirements set forth in Paragraph 1 will or are planned to occur.

        5.     Nothing in this Order obligates the Federal Defendants to postpone, suspend, cancel, or take other action on any decision related to the activities set forth in Paragraph 1 for which Plaintiffs have been notified.

6. If the Court dismisses Plaintiffs' claims, the obligations set forth in this Order shall terminate on the date of the dismissal.

7. The parties will file a joint status report providing the parties' positions as to whether the Order should remain in place or should be modified within 7 days after a decision has been issued on the Defendants' pending motions to dismiss the above captioned cases.

8. In the event that a lapse in appropriations, natural disaster, or other emergency prevents the Federal Agencies from providing any notice or other information to Plaintiffs in accordance with the deadlines set forth herein, such failure shall not constitute a violation of this Order and the Federal Agencies will comply with the applicable deadlines as soon as practicable.

DATED: October 30, 2018

                              TANYA S. CHUTKAN
                              UNITED STATES DISTRICT JUDGE