# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HOPI TRIBE, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 17-cv-2590 (TSC) |
| v. | ) ) ) | |
| DONALD J. TRUMP, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| UTAH DINÉ BIKÉYAH, *et al.,* | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 17-cv-2605 (TSC) |
| v. | ) ) ) | |
| DONALD J. TRUMP, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| NATURAL RESOURCES DEFENSE COUNCIL, INC., *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 17-cv-2606 (TSC) |
| v. | ) ) ) | |
| DONALD J. TRUMP, *et al.*, | ) ) ) | **CONSOLIDATED CASES** |
| Defendants. | ) ) ) ) | |

**TRIBAL PLAINTIFFS' NON-OPPOSITION TO MOTION FOR LEAVE
TO FILE AS AMICI CURIAE**

Plaintiffs Hopi Tribe, Navajo Nation, Ute Indian Tribe, Ute Mountain Ute Tribe, and Zuni Tribe (the "Tribes"), through their undersigned counsel, submit this response in support of the motions for leave to file as Amicus Curiae filed by Law Professors (ECF no. 75), Members of Congress (ECF no. 82), Conservatives for Responsible Stewardship (ECF no. 84), Local Elected Officials (ECF no. 87), Archaeological Organizations (ECF no. 91), National Congress of American Indians et al (ECF no. 93), and the Outdoor Alliance (ECF no. 94) (collectively "the Amici").

Defendants contend that the filing of these amicus briefs is "inherently prejudicial" because they "do not have adequate time or space" to address the arguments presented by the Amici opposing dismissal of this case. (ECF no. 95 at 4). This is a quandary of Defendants' own creation. The core of this case is whether the President had the authority to dismantle a national monument and replace it with two smaller units comprising about 15% of the original size. It is an issue of national importance with widespread impacts, and so it should come as no surprise that a number of groups, organizations and individuals wish to participate in this case as amici or intervenors. Defendants could have postponed the substantive arguments of the case until the summary judgment briefing, which the Court and parties discussed doing during the September 24 status conference (Tr. 36-40). However, Defendants made the decision to instead raise these issues in their motion to dismiss. Having made this choice, they should not now be permitted to bar parties interested in the outcome of this case from sharing with the court their views on the substantive issues.

Because a motion to dismiss can be dispositive, all the interested and affected parties, such as those who have applied for leave to file as amici curiae, have no choice but to make their statements now. And they are entitled to do so. Indeed, one of the Amici is a group of 26 United

1

States Senators and 92 Congressional Representatives. Surely their views on the core issues—namely that the Property Clause of the Constitution vests Congress, not the President, with authority over public lands, including the authority to remove and alter monuments—are highly probative. Another is a group of local government representatives in Utah. It should go without saying that if Defendant does not oppose intervention by one group of local Utah politicians[1] (ECF nos. 41 and 62), it is not credible for them to oppose the filing of an amicus brief by another, similar group. Moreover, this opposition runs counter to the spirit of the Department of Justice Manual, which express a strong view that the United States should not oppose amicus participation on appeal. *See* Justice Manual § 2-2.125 ("[A] a Department attorney shall nearly always consent to the filing of an amicus brief that complies with the rules.").

It bears noting that Defendants have not opposed motions by six applicants to intervene as Defendants (the three in this case are ECF nos. 38, 41 and 43). Plaintiffs similarly do not want the additional burden of responding to these numerous would-be intervenors, but Plaintiffs chose to be practical and accommodating, and requested modest limitations on discovery and new claims in order to facilitate orderly management of the case. Amici will have a much more limited role in the case than intervenors will, yet Defendants would exclude them wholesale, regardless of the merits of their individual interests.

The Amici should be permitted to file their briefs, both out of fairness to their interests and to the fact that this may be their only opportunity to be heard. Any valid concern of the Defendants

---

[1] The Tribes note for the Court's convenience that the November election resulted in a change in the composition of the San Juan County Commission, which could result in the County changing its position with respect to this litigation.

that they "do not have adequate time or space" to respond to these briefs can be addressed if Defendants simply request the additional time and pages they believe are necessary to do so, within reason.

Respectfully submitted, this 30th day of November 2018.

/s/      nlandreth

Natalie A. Landreth
NATIVE AMERICAN RIGHTS FUND
745 W. 4th Avenue, Suite 502
Anchorage, AK 99501
Phone: (907) 257-0501
Fax: (907) 276-2466
Email: landreth@narf.org

Matthew Lee Campbell
NATIVE AMERICAN RIGHTS FUND
1506 Broadway
Boulder, CO 80302
Phone: (303) 447-8760
Fax: (303) 443-7776
Email: mcampbell@narf.org

Justin Robert Pidot
University of Denver Sturm College of Law
(for identification purposes only)
2255 East Evans Ave.
Denver, CO 80208
(303) 871-6168
jpidot@law.du.edu

***Attorneys for the Hopi Tribe, Ute Mountain Ute Tribe and Pueblo of Zuni***

Ethel B. Branch, Attorney General
Office of the Attorney General
NAVAJO NATION DEPARTMENT OF JUSTICE
Post Office Box 2010
Window Rock, Arizona (Navajo Nation) 86515
Phone: (928) 871-6345
Fax: (928) 871-6177
Email: ebranch@nndoj.org

Paul Spruhan, Asst. Attorney General
Litigation and Employment Unit
NAVAJO NATION DEPARTMENT OF JUSTICE
Post Office Box 2010
Window Rock, Arizona (Navajo Nation) 86515
Phone: (928) 871-6210
Fax: (928) 871-6177
Email: pspruhan@nndoj.org

*Attorneys for the Navajo Nation*

Rollie Wilson
FREDERICKS PEEBLES & MORGAN, LLP
401 9th St., N.W.
Washington, D.C. 20004
Phone: (202) 450-4887
Fax: (202) 450-5106
Email: rwilson@ndnlaw.com

Jeffrey S. Rasmussen, *pro hac vice pending*
FREDERICKS PEEBLES & MORGAN, LLP
1900 Plaza Drive
Louisville, CO 80027
Phone: (303) 673-9600
Fax: (303) 673-9155
Email: jrasmussen@ndnlaw.com

*Attorneys for the Ute Indian Tribe*

Lloyd Miller
SONOSKY, CHAMBERS, SACHSE, MILLER & MONKMAN LLP
725 East Fireweed Lane
Suite 420
Anchorage, AK 99503
Phone: (907) 258-6377
Fax: (907) 272-8332
Email: lloyd@sonosky.net

David Mielke
SONOSKY, CHAMBERS, SACHSE, MILLER, MIELKE & BROWNELL LLP
500 Marquette Avenue, NW
Suite 660
Albuquerque, NM 87102
Phone: (505) 247-0147

        Fax: (505) 843-6912
        Email: dmielke@abqsonosky.com

        ***Attorneys for the Zuni Tribe***

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November 2018, I filed the above pleading with the Court's CM/ECF system, which provided notice of this filing by e-mail to all counsel of record.

*/s/ Natalie A. Landreth*
Natalie A. Landreth