**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| HOPI TRIBE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:17-cv-2590 (TSC) |
| v. | ) | |
| | ) | |
| DONALD J. TRUMP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| UTAH DINÉ BIKÉYAH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 1:17-cv-2605 (TSC) |
| | ) | |
| DONALD J. TRUMP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| NATURAL RESOURCES DEFENSE COUNCIL, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:17-cv-2606 (TSC) |
| v. | ) | |
| | ) | |
| DONALD J. TRUMP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **CONSOLIDATED CASES** |
| | ) | |
| AMERICAN FARM BUREAU FEDERATION and UTAH FARM BUREAU FEDERATION and the STATE OF UTAH, | ) | |
| | ) | |
| Proposed Defendants-Intervenors. | ) | |

**STATE OF UTAH'S RESPONSE TO
TRIBAL PLAINTIFFS' OPPOSITION TO PROPOSED AMICUS BRIEFS, AND
CONDITIONAL REQUEST FOR LEAVE TO FILE SUR-REPLY**

1

Pursuant to Local Civil Rules 7(b) and (d), the State of Utah ("Utah") files this response to the Tribal Plaintiffs' Opposition to Proposed Reply Amicus Briefs, and Conditional Request for Leave to File Sur-Reply, ECF Dkt. 103 (December 23, 2018) ("Motion for Sur-Reply").[1] A proposed order partially denying the relief requested by the Hopi Tribe, Navajo Nation, Ute Indian Tribe, Ute Mountain Ute Tribe, and Zuni Pueblo (collectively the "Tribal Plaintiffs") is submitted with this filing.

I. **Utah's *Amicus* Reply Brief Is Timely And Procedurally Proper As Both A Reply Brief And As An *Amicus* Brief.**

As set forth in Utah's request to intervene, Utah occupies a unique position that is not represented by any of the parties or proposed intervenors to these proceedings. Utah has an interest in the management, development, and use of millions of acres of public lands within its borders, including those that were designated as the Bears Ears National Monument. Activities relating to these public lands affect Utah's economy, school children, and property rights. Utah's interests are not protected by either the Federal Defendants, the Plaintiffs, or any other

---

[1] Although the Tribal Plaintiffs have denominated their filing as an "Opposition" to Utah's Reply Brief Supporting Federal Defendants' Motion to Dismiss, ECF Dkt. 99 (December 13, 2018) (the "*Amicus* Reply Brief"), in substance the Tribal Plaintiffs' filing is a new motion seeking affirmative relief in the form of rejection of the *Amicus* Reply Brief or, alternatively, leave to file a sur-reply to arguments made in the *Amicus* Reply Brief. *See e.g.* Fed. R. Civ. P. 7(b)(1) ("[a] request for a court order must be made by motion"). Utah objects to the Tribal Plaintiffs' request for affirmative relief in a document that is styled as an opposition to the *Amicus* Reply Brief and further objects to the Motion for Sur-Reply because it fails to comply with the procedural requirements of a motion. *See* LCvR 7(c) ("[e]ach motion and opposition shall be accompanied by a proposed order"); LCvR 7(m) (requiring counsel to confer with opposing counsel before filing nondispositive motions); *Progressive Casualty Insurance Co. v. Federal Deposit Insurance Corp. for Sun West Bank*, Case Nos. 13-1043 and 13-1044, 2014 WL 12787793, *4 n.2 (D.D.C. Jan. 9, 2014) (party's "requests for relief are not properly presented to the Court in an opposition brief"). Because it is unclear how the Motion for Sur-Reply will be treated by the Court, however, Utah files this response as both a reply in support of its *Amicus* Reply Brief and as an opposition to the affirmative relief requested in the Motion for Sur-Reply pursuant to LCvR 7(b) and (d).

party or proposed intervenor. Instead, as is often the case, these groups take actions in derogation of Utah's rights with respect to these public lands. Given Utah's distinctive position, and status as a sovereign entity within the United States, Utah has the right to be heard in these proceedings as an intervenor, or in the alternative, as an *amicus*. *See Mass v. Env. Pro. Agcy.*, 549 U.S. 497, 513 (2007) (a state seeking to protect its sovereign interests should be given "special solicitude" to do so in federal court because "the States are not normal litigants"). Because of Utah's special status as a litigant, and its compliance with the Court's procedural rules for filing its Reply Brief Supporting Federal Defendants' Motion to Dismiss (the "*Amicus* Reply Brief"), the *Amicus* Reply Brief should not be rejected.

    **A.**    **Utah's *Amicus* Reply Brief Was Properly Filed As A Reply Brief Of A Proposed Intervenor.**

Utah's reply brief is procedurally appropriate and was filed at the earliest opportunity. Briefing on the Federal Defendants' Motion to Dismiss was already underway when Utah sought to intervene in these proceedings. *See* Federal Defendants' Motion to Dismiss ("Motion to Dismiss"), ECF Dkt. 49 (October 1, 2018). The Federal Defendants' Motion to Dismiss was filed on October 1, 2018, several days before Utah moved to intervene in these proceedings. State of Utah's Motion to Intervene on Behalf of Defendants, ECF Dkt. 52 (October 5, 2018). After the Federal Defendants' opening brief was filed, on October 22, 2018 the Tribal Plaintiffs filed a response to Utah's motion to intervene taking "no position" on whether Utah met the requirements to intervene in these proceedings, but requesting limitations on Utah's and the other intervenors' participation in these proceedings. *See* Tribal and UDB Plaintiffs' Response to Motions to Intervene, ECF Dkt. 59, p.2 (October 22, 2018). Utah filed its Reply in Support of Motion to Intervene on November 5, 2018. State of Utah's Reply in Support of Motion to Intervene, ECF Dkt. 69 (November 5, 2018). Oppositions to the Motion to Dismiss were

thereafter filed on November 15, 2018 and motions for leave to file *amicus* briefs supporting the oppositions to the Motion to Dismiss were filed on November 16, 2018 and November 19, 2018. *See* ECF Dkt. Nos. 71-75, 82, 84, 87, 89, 91, 93-94. The Court has not yet ruled upon Utah's motion to intervene.

Although the scope of Utah's rights as an intervenor are contested by the Tribal Plaintiffs, the State of Utah's request to intervene has not been challenged and the Court has not placed any limitations upon Utah's participation in these proceedings as an intervenor.[2] Given that these proceedings may be ultimately decided upon the legal questions presented in the Motion to Dismiss, Utah's only opportunity to be heard may be in the reply briefing associated with the Motion to Dismiss. The Tribal Plaintiffs acknowledged this procedural predicament when they argued, "Because a motion to dismiss can be dispositive, all the interested and affected parties, such as those who have applied for leave to file as amici curiae, have no choice but to make their statements now. And they are entitled to do so." Tribal Plaintiffs' Non-Opposition to Motion for Leave to File as Amici Curiae, ECF Dkt. 96, p.2 (November 30, 2018). Utah filed its brief only two weeks after the Tribal Plaintiffs made this argument to the Court.

---

[2] Utah's *Amicus* Reply Brief should not be unexpected, as certain parties to the companion proceedings, *Wilderness Society et al. v. Donald J. Trump et al.*, Case No. 1:17-cv-02587-TSC ("GSENM Proceedings") requested that Utah be required to file its briefing at the same time the Federal Defendants filed their reply in support of the Motion to Dismiss. *See* Partners Plaintiffs' Response to Motions to Intervene, p.3, ECF Dkt. 53 (October 22, 2018) in GSENM Proceedings (requesting that Utah be "required to file any additional briefing on Federal Defendants' pending motion to dismiss . . . no later than the point at which the Federal Defendants are required to file their final reply brief"). To accommodate the requests of these parties in the GSENM Proceedings, rather than unnecessarily prolong the briefing, Utah agreed to file its briefing in that case on or before the date the Federal Defendants were required to file their Reply. In these proceedings, as in the GSENM proceedings, filing the *Amicus* Reply Brief with the Federal Defendants' reply briefing does not delay the resolution of these proceedings. In fact, had Utah's request to intervene been granted, Utah would have filed a reply brief like the *Amicus* Reply Brief.

To preserve its rights as a potential and unopposed intervenor, and to be heard by the Court in a meaningful way, Utah filed its briefing with respect to the Motion to Dismiss at its earliest opportunity, when the reply briefing in support of the Motion to Dismiss was filed.[3]

### B. Utah's *Amicus* Reply Brief Is A Proper *Amicus* Brief Filed As A Matter Of Right.

As an alternative to its briefing being considered as a reply brief, Utah filed its *Amicus* Reply Brief as a matter of right pursuant to Local Civil Rule 7(o)(1). *See Amicus* Reply Brief, n.1 ("to the extent Utah is not granted intervention, Utah requests that this brief be considered as an *amicus* brief filed pursuant to LCvR 7(o)(1)"). Under the Court's local rules, Utah has the right to "file an *amicus curiae* brief without the consent of the parties or leave of Court." LCvR 7(o)(1). As far as the timing of Utah's brief is concerned, the *amicus* brief must be filed only "within such time as the Court may allow." LCvR 7(o)(3).[4] The Court has not set any deadlines for filing *amicus* briefing, meaning that Utah's briefing is not untimely or otherwise procedurally improper. Consideration of the *Amicus* Reply Brief will not delay these proceedings, as the Court has not set a hearing on the Motion to Dismiss and the *Amicus* Reply Brief will not otherwise delay disposition of the Motion to Dismiss.

---

[3] The Federal Defendants have a policy of not sharing briefing before it is filed with the Court, meaning that Utah was unable to meaningfully anticipate the specific arguments made by the Federal Defendants or coordinate briefing to avoid duplication and collateral matters. *See* Federal Defendants' Response to Tribal and UBD Plaintiffs' Response to Motions to Intervene, ECF Dkt. 68 (November 1, 2018) (Federal Defendants' counsel is "prohibited from sharing draft briefs with non-federal parties, absent extenuating circumstances"). It was not until the Motion to Dismiss was actually filed, and arguments were made in opposition to the briefing, that Utah could determine which matters were necessary to address in any reply briefing and undertake an effective effort to avoid duplicative briefing.

[4] The Tribal Plaintiffs' reference to the "unduly delay" standard refers to motions for leave to file *amicus* briefing. *See* LCvR 7(o)(2). Utah is not obligated to file a motion for leave to file an *amicus* brief, meaning that its *amicus* briefing must only be filed "within such time as the Court may allow" under Local Civil Rule 7(o)(3).

Contrary to the express language of Local Civil Rule 7, however, the Tribal Plaintiffs argue that Utah's briefing was required to be filed with the Motion to Dismiss. The Tribal Plaintiffs' sole support for this argument is Local Civil Rule 7's reference to the Federal Rules of Appellate Procedure. The Court's local rules, however, require only that *amicus* briefs comply with Federal Rule of Appellate Procedure 29(a)(4).[5] LCvR 7(o)(5). There is nothing in the local rule that adopts the entirety of Federal Rule of Appellate Procedure 29 ("Rule 29"); instead, adopting Rule 29 would conflict with and contravene the local rules' provisions. In addition to being contrary to the Local Civil Rules, the Tribal Plaintiffs' arguments conflict with the practice of Tribal Plaintiffs' own *amici*, who filed their briefing *after* the Tribal Plaintiffs' opposition was filed. Utah's *Amicus* Reply Brief complies with all relevant and applicable provisions of the Federal Rules of Civil Procedure and the Court's Local Civil Rules.

## II.   Utah Does Not Oppose the Tribal Plaintiffs' Opportunity to File A Limited Sur-Reply.

The Tribal Plaintiffs request leave to file a brief responding to arguments made by Utah and the American Farm Bureau Federation and Utah Farm Bureau Federation (collectively the "Farm Bureaus"). The Tribal Plaintiffs chose not to address Utah's and the Farm Bureau's briefing in their Motion for Sur-Reply or provide a proposed brief setting forth their additional arguments.[6] Despite the Tribal Plaintiffs' failure, with one exception, to identify with any

---

[5] Utah's briefing complied with the applicable requirements of Federal Rule of Appellate Procedure 29(a)(4) by including a table of contents, a table of authorities, a statement of Utah's identity, interest, and source of authority to file, and an argument section. *See* Fed. R. App. P. 29(a)(4).

[6] Three of the four exhibits attached to the *Amicus* Reply Brief, including the local government resolutions, were previously filed with the Court as part of Utah's *amicus* briefing on the Federal Defendants' request to transfer these proceedings to the United States District Court for the District of Utah. *See* Brief of *Amici Curiae* State of Utah, Garfield County, Kane County, and San Juan County in Support of Defendants' Motion to Transfer Cases to the District of Utah, Exhibits D, E, G, ECF Dkt. 31 (February 14, 2018).

particularity the specific matters they wish to address in additional briefing, Utah will not oppose the Tribal Plaintiffs' request to file additional briefing responding to Utah's and the Farm Bureau's briefing so long as such briefing is limited to issues raised in Utah's and the Farm Bureau's briefing that was not addressed in the Federal Defendants' reply.[7]

## CONCLUSION

Utah requests that its *Amicus* Reply Brief not be stricken and instead be considered by the Court as Utah's potentially singular opportunity to be heard with respect to the Motion to Dismiss. Utah does not oppose the Tribal Plaintiffs' request to file a response to arguments and analyses in Utah's and the Farm Bureau's briefing that was not otherwise set forth in the Federal Defendants' reply in support of the Motion to Dismiss.

DATED:   December 31, 2018

    Respectfully submitted,

    /s/ Anthony L. Rampton
    SEAN D. REYES (Utah Bar No. 7969)
    Utah Attorney General
    TYLER R. GREEN (982312)
    Utah Solicitor General
    ANTHONY L. RAMPTON (Utah Bar No. 3792)
    KATHY A.F. DAVIS (Utah Bar No. 4022)
    DAVID WOLF (Utah Bar No. 6688)
    LANCE SORENSON (Utah Bar No. 10684)
    Assistant Attorneys General
    DAVID HALVERSON (992858)
    Special Assistant Utah Attorney General
    Utah Attorney General's Office
    Utah State Capitol Complex
    350 N. State Street, Suite 230
    Salt Lake City, UT 84114-2320

---

[7] Utah notes that the Tribal Plaintiffs are not entitled to any additional briefing with respect to the Farm Bureaus' motion for leave to file *amicus* briefing. Pursuant to Local Civil Rule 7(o)(2), after an opposition to a motion to leave is filed, "there shall be no further briefing unless otherwise ordered by the Court."

seanreyes@agutah.gov  
tylergreen@agutah.gov  
arampton@agutah.gov  
kathydavis@agutah.gov  
dnwolf@agutah.gov  
lancesorenson@agutah.gov  
dhalverson@utah.gov  
Telephone: (801) 538-9600

## CERTIFICATE OF SERVICE

I certify that on December 31, 2018, the undersigned electronically transmitted the **STATE OF UTAH'S RESPONSE TO TRIBAL PLAINTIFFS' OPPOSITION TO PROPOSED AMICUS BRIEFS, AND CONDITIONAL REQUEST FOR LEAVE TO FILE SUR-REPLY** to the Clerk's Office using the CM/ECF system which will send notification of this filing to all counsel of record.

                                                /s/ Anthony L. Rampton