IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HOPI TRIBE, *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 1:17-cv-02590 (TSC) |
| JOSEPH R. BIDEN, in his official capacity as President of the United States, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| UTAH DINÉ BIKÉYAH, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 1:17-cv-02605 (TSC) |
| JOSEPH R. BIDEN, in his official capacity as President of the United States, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) ) | |
| NATURAL RESOURCES DEFENSE COUNCIL, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 1:17-cv-02606 (TSC) |
| v. | ) ) | |
| JOSEPH R. BIDEN, in his official capacity as President of the United States, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) ) | **CONSOLIDATED CASES** |

**FEDERAL DEFENDANTS' UNOPPOSED MOTION TO STAY AND TO EXTEND
DEADLINE TO FILE JOINT STATUS REPORT**

On February 2, 2021, the Court ordered the parties to file a joint status report by March

1

5, 2021 responding to three questions as to how this case should proceed in light of President Biden's executive order instructing the Secretary of the Interior to review, and make recommendations addressing, the boundaries and conditions of the national monument at issue in this case. Because the parties agree that they will be better situated to respond to the Court's questions after completion of the process required under the executive order, Federal Defendants move the Court to extend the deadline to file the joint status report by 90 days, and further, to stay proceedings in this case for that same 90-day period.

## BACKGROUND

Plaintiffs challenge Proclamation 9681, which significantly reduced the size of the Bears Ears National Monument. On January 20, 2021, President Biden issued Executive Order 13990, entitled "Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis," 86 Fed. Reg. 7,037 (Jan. 20, 2021) (hereinafter "E.O. 13990"). Section 3(a) of E.O. 13990 instructs the Secretary of the Interior to, in consultation with other cabinet members and with Tribal governments, conduct a review of "the monument boundaries and conditions that were established by Proclamation 9681 . . . to determine whether restoration of the monument boundaries and conditions that existed as of January 20, 2017 would be appropriate." The Executive Order further instructs the Secretary to submit, within sixty days, a report to the President summarizing the findings of the review—and making recommendations for "such Presidential actions or other actions consistent with law as the Secretary may consider appropriate to carry out the policy" set forth in the executive order. E.O. 13990, § 3(b).

On February 2, the Court ordered the parties to meet, confer, and by March 5, 2021, file a joint status report advising the Court:

> 1) whether the current dispute has been mooted or the parties anticipate that it will be mooted;

> 2) whether the parties wish to stay this action for any reason, including the parties' negotiations over resolving this dispute; or
>
> 3) whether the parties agree that this litigation should continue as anticipated pursuant to the federal rules, local rules or a scheduling order.

Feb. 2, 2021 Minute Order.

## **DISCUSSION**

Federal Defendants request that the Court (1) extend by 90 days the parties' deadline to file a joint status report responding to the questions in its February 2, 2021 Minute Order; and (2) concurrently stay proceedings in this matter for that same 90-day period.

This case challenges whether President Trump's Proclamation 9681 lawfully modified the Bears Ears National Monument. As noted above, E.O. 13990 requires the Secretary of the Interior to make findings and recommendations, including concerning the appropriateness of "restoration of the monument boundaries and conditions that existed" before the issuance of Proclamation 9681. As such, the Secretary's review and recommendations—and any action by the President in response to such review and recommendations—will have clear significance to, and potentially dispositive impact on, the claims in this action.

The precise impact on this litigation will not be clear, however, until the Secretary's findings and recommendations are submitted to the President, and the President has had an opportunity to review and potentially act on such findings and recommendations. Federal Defendants therefore ask the Court to extend the deadline to file a joint status report by 90-days, which should better situate the parties to respond to the three questions posed by the Court. Federal Defendants further ask the Court to stay proceedings in this matter to allow time for the executive order's mandated process to proceed—particularly as its conclusion may eliminate, or at least narrow, the issues that the Court will need to resolve.

Federal Defendants have conferred with the plaintiffs and intervenor-defendants, and can

represent that the other parties concur with both the extension of the joint status report and the request for a ninety-day stay. The plaintiffs, however, have expressed concern about the possibility of certain new ground-disturbing activities being approved, authorized, or commenced during the pendency of the stay. In light of these concerns, Federal Defendants agree that the stay should be circumscribed such that (1) the Court's October 30, 2018 Order Regarding Defendants' Notice Obligations remains in effect; and (2) the plaintiffs not be precluded from moving for injunctive relief during the pendency of the stay. In addition, with respect to lands that constituted the Bears Ears National Monument on December 3, 2017, Federal Defendants have informed plaintiffs that the Departments of the Interior and Agriculture will ensure that any decisions made within the Departments during the pendency of the stay to authorize, approve or commence: (1) road, motorized trail, or mechanized trail construction or improvement that was not authorized as of December 3, 2017; (2) mechanical removal of vegetation (excluding any authorization related to gathering activities by Native Americans), including chaining, mastication, mulching, and harrowing, and seeding with non-native species; or (3) a proposed plan of operations submitted under 43 C.F.R. Subparts 3809 or 3802, will, before being made final, be reviewed by the Principal Deputy Solicitor of the Department of the Interior and the Principal Deputy Assistant Secretary for Land and Minerals Management for decisions on BLM-managed lands; and by the Acting Deputy Under Secretary of Agriculture for Natural Resources and Environment for U.S. Forest Service managed lands. The Department of the Interior will perform a similar review during the pendency of the stay before acknowledging that a notice submitted during the stay under 43 C.F.R. Subpart 3809 is complete.

Under the circumstances, no prejudice will result from granting Federal Defendants' unopposed motion. Federal Defendants therefore respectfully request that the Court (1) extend

by 90 days the parties' deadline to file a joint status report responding to the questions in its February 2, 2021 Minute Order; and (2) concurrently stay proceedings in this matter for that same 90-day period. A proposed order is attached.

    Respectfully submitted this 5th day of March, 2021,

                              JEAN E. WILLIAMS
                              Acting Assistant Attorney General

                              */s/ Romney S. Philpott*
                              Romney S. Philpott
                              U.S. Department of Justice
                              Environment and Natural Resources Division
                              Natural Resources Section
                              999 18th St., #370
                              Denver, CO 80202
                              Phone:  303-844-1810
                              Fax:  303-844-1350
                              E-mail:  Romney.Philpott@usdoj.gov


                              Attorneys for Federal Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2021, I electronically filed the foregoing document and its attachment with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all parties.

*/s/ Romney S. Philpott*
Romney S. Philpott
