UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HOPI TRIBE**, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>**DONALD J. TRUMP**, *et al.*,<br><br>　　　　　Defendants | Civil Action No. 1:17-cv-02590 (TSC) |
| **UTAH DINÉ BIKÉYAH**, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>**DONALD J. TRUMP**, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 1:17-cv-02605 (TSC) |
| **NATURAL RESOURCES DEFENSE COUNCIL, INC.**, *et. al*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>**DONALD J. TRUMP**, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 1:17-cv-02606 (TSC)<br><br>**CONSOLIDATED CASES** |
| **AMERICAN FARM BUREAU FEDERATION**, *et al.*,<br><br>　　　　　Intervenor-Defendants. | |

**MEMORANDUM OPINION**

Plaintiffs challenge former President Donald J. Trump's Proclamation No. 9681, 82 Fed. Reg. 58081 (Dec. 4, 2017) (the "Trump Proclamation"). The American Farm Bureau Federation, Utah Farm Bureau Federation, San Juan County, and the State of Utah ("Intervenor-Defendants") intervened to defend the Trump Proclamation. Order, ECF No. 105.[1] This action has been stayed since March 2021. Intervenor-Defendants now ask the court to lift the stay and reopen this consolidated set of cases. Mot. to Reopen the Case and Lift the Stay, ECF No. 254 ("Mot. to Lift Stay"). Because independent, pending proceedings bear upon this case and Intervenor-Defendants have not demonstrated the stay causes them any hardship, Intervenor-Defendants' Motion to Reopen the Case and Lift the Stay is DENIED.[2]

## I.   BACKGROUND

The Trump Proclamation significantly reduced the size of Bears Ears National Monument. 82 Fed. Reg. at 58085–86. Plaintiffs sued, alleging that the Trump Proclamation violates the Antiquities Act, the U.S. Constitution, and the Administrative Procedure Act. Am. Compl. ¶¶ 248–76, ECF No. 146; Am. Compl. ¶¶ 238–262, ECF No. 148; Am. Compl. ¶¶ 194–225, ECF No. 149-1. On January 20, 2021, President Biden instructed the Secretary of the Interior to review the Trump Proclamation and determine whether to restore the prior boundaries and conditions. Exec. Order 13,990, 86 Fed. Reg. 7037, 7039 (Jan. 20, 2021). Consequently on March 8, 2021, the court granted an unopposed motion to stay all proceedings. Order, ECF No. 201; Unopposed Mot. to

---

[1] All citations herein to ECF numbers refer to the docket in the lead case of these consolidated matters: *Hopi Tribe, et al. v. Donald J. Trump, et al.*, No. 17-cv-02590.

[2] Intervenor-Defendants filed a motion to reopen and lift the stay in a related case, *Wilderness Society, et al. v. Donald J. Trump, et al.*, No. 17-cv-2587 (D.D.C.), which pertains to the Grand Staircase-Escalante National Monument. There is significant overlap between the parties and nearly identical arguments were made in each case. Accordingly, the court employs the same analysis and reaches the same conclusion on the respective motions.

Stay, ECF No. 200.  The court administratively closed the case and instructed the parties to file Joint Status Reports every 30 days.  Minute Order (Sept. 30, 2021); Minute Order (July 1, 2021).

On October 8, 2021, President Biden issued Proclamation No. 10285, 86 Fed. Reg. 57321, 57330–33 (Oct. 15, 2021) (the "Biden Proclamation"), which restored the Bears Ears National Monument.  The State of Utah, Intervenor-Defendant in this lawsuit, filed an action challenging the Biden Proclamation in Utah.  *See Garfield Cnty. v. Biden*, No. 22-cv-0059 (D. Utah Aug. 8, 2023).  The District Court of Utah dismissed the case with prejudice for failure to state a claim.  *Garfield Cnty. v. Biden*, No. 22-cv-0059, 2023 WL 5180375 (D. Utah Aug. 11, 2023).  Utah appealed, and that case is currently pending in the U.S. Court of Appeals for the Tenth Circuit.  *Garfield Cnty. v. Biden*, No. 23-4106 (10th Cir. argued Sept. 26, 2024).

Intervenor-Defendants now move to reopen this case and lift the stay in order to file a motion to dismiss.  Mot. to Lift Stay at 3.  They argue that Biden Proclamation mooted the issues raised by Plaintiffs.  *Id.*  Plaintiffs and Federal-Defendants oppose and ask the court to maintain the stay pending resolution of the Tenth Circuit appeal.  Fed. Defs.' Opp'n at 8, ECF No. 260; Pls.' Opp'n at 3, ECF No. 259.

## II.  LEGAL STANDARD

The power to stay proceedings is inherent to the court's power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Bledsoe v. Crowley*, 849 F.2d 639, 645 (D.C. Cir. 1988) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  The court may stay an action pending resolution of independent proceedings bearing upon the case.  *Hulley Enter. Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 276 (D.D.C. 2016).  A stay may be particularly appropriate where resolution of the other litigation will likely narrow the issues and assist in determination of questions of law.  *Id.*  But the court must "weigh competing interests and maintain an even balance" between judicial economy and any possible

hardship to the parties. *Landis*, 299 U.S. at 254–55. "When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay *sua sponte* or upon motion." *Marsh v. Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003). In determining whether to lift a stay, the court exercises the same "inherent power and discretion." *Id.*

### III.  ANALYSIS

Intervenor-Defendants urge the court to reopen the case and lift the stay so that the State of Utah may seek dismissal on mootness grounds. Mot. to Lift Stay at 3. Although "circumstances have changed" since the court stayed this case, *Marsh*, 263 F. Supp. 2d at 52, the pending proceedings in the Tenth Circuit are likely to settle or simplify the outstanding issues, *Hulley Enterprises*, 211 F. Supp. 3d at 276. As a result, lifting the stay is unlikely to make efficient use of court or party resources. *See Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health and Human Servs.*, No. 20-cv-1630, 2021 WL 4033072, *1 (D.D.C. Sep. 3, 2021). Moreover, Intervenor-Defendants have not demonstrated that maintaining the stay causes any hardship. For these reasons, the court will deny Intervenor-Defendants' motion.

It is true that the circumstances that originally justified staying proceedings in this case have changed. The court granted the parties' request for a stay during the Secretary of Interior's review of the Trump Proclamation. *See* Order, ECF No. 201; Unopposed Mot. to Stay at 4. That review concluded and President Biden reinstated the prior boundaries of Bears Ears National Monument. 86 Fed. Reg. at 57,335–47. But staying proceedings may still be warranted because of the pending litigation in the Tenth Circuit.

The "power to issue a stay may be appropriately exercised" when a "separate proceeding bearing upon the case" will likely "narrow the issues in the pending case[] and assist in the determination of the questions of law involved." *Hulley Enterprises*, 211 F. Supp. 3d at 276

(quoting *Landis*, 299 U.S. at 253). The independent proceedings need "not settle every question of fact and law" but should "settle some outstanding issues and simplify others." *Allen v. District of Columbia*, No. 20-cv-02453, 2024 WL 379811, at *2 (D.D.C. Feb. 1, 2024) (quoting *Landis*, 299 U.S. at 256). The court is persuaded that the Tenth Circuit proceedings will clarify the issues in this action. If the Tenth Circuit upholds the Biden Proclamation, this action may be narrowed "claims located under the Trump Proclamation before President Biden reinstated the Monument's boundaries." Pls.' Opp'n at 6. If the Tenth Circuit invalidates the Biden Proclamation, however, Plaintiffs may require resolution of all claims. *Id.* at 7. Therefore, the outcome in the Tenth Circuit will likely impact future proceedings in this action, which counsels in favor of continuing the stay.

The court separately evaluates whether staying proceedings "will further judicial economy." *Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 71 (D.D.C. 2010). Requiring the parties to brief, and the court to resolve, a motion to dismiss by Intervenor-Defendants is a waste of resources when the outcome in the Tenth Circuit may drastically change the issues and facilitate settlement. *See Whitman-Walker Clinic*, 2021 WL 4033072, *3 (refusing to lift stay when "a substantial amount of the parties' and the Court's resources would have been expended and potentially for little gain"); *Seneca Nation of Indians v. U.S. Dep't of Health and Human Servs.*, 144 F. Supp. 3d 115, 120 (D.D.C. 2015). The Tenth Circuit appeal has already been argued and submitted. *Garfield Cnty. v. Biden*, No. 23-4106 (10th Cir. argued Sep. 26, 2024). Because that appeal may be resolved shortly, a temporary stay will likely avoid "unnecessary litigation and best preserve judicial and parties' resources." *Hulley Enterprises*, 211 F. Supp. 3d at 285.

Having determined that staying further proceedings promotes efficiency, the court must "weigh" that against any hardship to the parties. *See Landis*, 299 U.S. at 255. Intervenor-Defendants have not shown how maintaining the stay causes hardship. Instead, they proffer a

theoretical, future harm from a potential settlement agreement between Plaintiffs and Federal Defendants. Intervenor-Defs.' Reply at 2–5, ECF No. 261. As an initial matter, Intervenor-Defendants' alleged harm is speculative because the parties have not reached a settlement agreement. Pls.' Opp'n at 3. Even assuming a settlement was imminent and harmful to Intervenor-Defendants, the relevant inquiry is whether "the stay . . . will work damage." *Landis*, 299 U.S. at 255. Staying further proceedings does not equate to a settlement agreement. Whether or not the parties reach a settlement agreement, and the terms of any agreement, is a distinct issue that has no bearing here. Intervenor-Defendants have not identified—and the court will not presuppose—any hardship inflicted by the stay itself.

In these circumstances, continuing the stay is in the interest of judicial economy and presents no harm to Intervenor-Defendants, and therefore, the court will not lift the stay. It recognizes, however, that a stay must have "reasonable limits." *Id.* at 257; *Hulley Enterprises*, 211 F. Supp. 3d at 277 ("A stay pending resolution of other proceedings may be deemed [an abuse of discretion] where it 'includes no provision for status updates or further review.'" (quoting *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012))). The parties shall meet, confer, and file a joint status report within 30 days of the Tenth Circuit's decision in *Garfield County v. Biden*, No. 23-4106 (10th Cir. argued Sept. 26, 2024). The joint report shall be accompanied by a proposed order for further proceedings in this case.

## IV.   CONCLUSION

For these reasons, Intervenor-Defendants' Motion to Reopen the Case and Lift the Stay, ECF No. 254, is DENIED.  The parties are ORDERED to file a Joint Status Report within 30 days of an Opinion in *Garfield County v. Biden*, No. 23-4106 (10th Cir. argued Sept. 26, 2024).

Date: November 25, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge